# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| JUSTIN CARVALIS, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   No. 8:21-cv-1213 |
| | ) |
| PROFESSIONAL ACCOUNT | ) |
| SERVICES, INC., | ) |
| | ) |
|    Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, JUSTIN CARVALIS ("Plaintiff"), through his attorney, Hormozdi Law Firm, LLC, alleges the following against Defendant, PROFESSIONAL ACCOUNT SERVICES, INC. ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 ("FCCPA").

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy,"

5. 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained within.

6. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in St. Petersburg, Pinellas County, Florida.

8. Plaintiff is a consumer as that term is defined by the FDCPA and the FCCPA.

9. Plaintiff allegedly owes a debt as that term is defined by the FDCPA and the FCCPA.

10. Defendant is a debt collector as that term is defined by the FDCPA and the FCCPA.

11. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is debt collection agency located in Franklin, Williamson County,

Tennessee.

13. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

14. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

15. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

16. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

17. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

18. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

19. Defendant is attempting to collect an alleged consumer debt from Plaintiff originating with medical services.

20. The alleged debt at issue arises from transactions for personal, family, and household purposes.

21. On or about April 7, 2021, Defendant began placing calls to Plaintiff on Plaintiff's telephone at xxx-xxx-8363, in an attempt to collect the alleged debt.

22. Defendant calls Plaintiff from 800-353-1401, which is one of Defendant's telephone numbers.

23. On or about April 7, 202, Plaintiff received an inbound call that appeared as "Spam Risk" on Plaintiff's phone.

24. Plaintiff answered the inbound call and spoke with one of Defendant's female collectors.

25. During the above-mentioned conversation:

   a. Defendant's female collector demanded for Plaintiff to disclose his social security number.

   b. Plaintiff told Defendant's female collector that he was concerned the call was from a scammer.

    c. Plaintiff orally disputed owing the alleged debt.

    d. Plaintiff requested for Defendant's female collector to send Plaintiff validation of the alleged debt via e-mail.

    e. Defendant's female collector told Plaintiff that she could only send validation of the alleged debt if Plaintiff discloses his social security number.

    f. Plaintiff explained that he was uncomfortable providing his social security number to a potential scammer.

    g. Defendant's female collector threatened to "process" Plaintiff's claim and accused Plaintiff of not cooperating with her.

    h. Defendant's female collector threatened to note Plaintiff's account as default payment.

    i. Defendant's female collector veiled threats of legal action against Plaintiff.

    j. Defendant's female collector attempted to intimidate Plaintiff into making a payment to Defendant.

26. To date, Defendant has not taken legal action against Plaintiff.

27. Defendant engaged in the foregoing conduct with the intent to annoy, abuse and/or harass Plaintiff.

28. On or about April 22, 2021 at 10:27 a.m., counsel for Plaintiff sent an e-mail to Defendant, notifying Defendant of Plaintiff's representation and requesting for Defendant to cease communication with Plaintiff.

29. On or about April 22, 2021 at 10:38 a.m., Defendant's representative confirmed receipt of the e-mail from Plaintiff's counsel.

30. Despite knowing that Plaintiff is represented by counsel with respect to the alleged debt, Defendant continued to call Plaintiff's telephone including, but not limited to, on or about April 22, 2021 at 2:52 p.m.

31. Defendant engaged in the foregoing conduct with the intent to annoy, abuse and/or harass Plaintiff.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

32. Plaintiff repeats and re-alleges paragraphs one (1) through thirty-one (31) of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

33. Defendant violated the FDCPA based on the following:

   a. Defendant violated § 1692c(a)(2) of the FDCPA by communicating with a consumer when the debt collector knows the consumer is represented by an attorney with respect to such debt, when Defendant continued to attempt to collect the alleged debt from Plaintiff after receiving notice that Plaintiff is represented by counsel;

b. Defendant further violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Defendant engaged in engaged in, at least, the following discrete violations of § 1692e;

c. Defendant violated § 1692e(5) of the FDCPA by threatening to take action that cannot legally be taken or that is not intended to be taken, when Defendant's female collector veiled threats of legal action against Plaintiff and Defendant did not intend take such action;

d. Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt, when Defendant's female collector refused to provide Plaintiff with validation of the alleged debt and when Defendant's female collector used deceptive tactics to intimidate Plaintiff into making a payment to Defendant;

e. Defendant violated § 1692g(a)(3) of the FDCPA by ignoring Plaintiff's oral dispute of the validity of the alleged debt and continuing to assume the validity of the alleged debt, when Defendant continued to attempt to collect the alleged debt after Plaintiff orally disputed owing the alleged debt; and

  f. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt, when Defendant engaged in all of the foregoing misconduct.

WHEREFORE, Plaintiff, JUSTIN CARVALIS, respectfully requests judgment be entered against Defendant, PROFESSIONAL ACCOUNT SERVICES, INC., for the following:

34. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

35. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

36. Any other relief that this Honorable Court deems appropriate.

### COUNT II
### DEFENDANT VIOLATED THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

37. Plaintiff repeats and re-alleges paragraphs one (1) through thirty-one (31) of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

38. Defendant violated the FCCPA based on the following:

  a. Defendant violated §559.72(7) of the FCCPA by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of his family, when Defendant's female collector veiled threats of legal action against Plaintiff, Defendant did not intend take

such action, when Defendant's female collector accused Plaintiff of not cooperating with her and when Defendant's female collector attempted to intimidate Plaintiff into making a payment to Defendant;

b. Defendant violated §559.72(9) of the FCCPA by asserting the existence of some other legal right when such person knows that the right does not exist, when Defendant's female collector refused to provide Plaintiff with validation of the alleged debt;

c. Defendant violated §559.72(10) of the FCCPA by using a communication that simulates in any manner legal or judicial process or that gives the appearance of being authorized, issued, or approved by a government, governmental agency, or attorney at law, when it is not, be expected to abuse or harass the debtor or any member of his family, when Defendant's female collector veiled threats of legal action against Plaintiff; and

d. Defendant violated § 559.72(18) of the FCCPA by communicating with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt, when Defendant continued to attempt to collect the alleged debt from Plaintiff after Plaintiff's counsel notified Defendant of its representation of Plaintiff.

WHEREFORE, Plaintiff, JUSTIN CARVALIS, respectfully requests judgment be entered against Defendant, PROFESSIONAL ACCOUNT SERVICES, INC., for the following:

39. Statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77;

40. Costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77;

41. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. § 559.77(2); and

42. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED: May 19, 2021     By: /s/ Shireen Hormozdi _____
Shireen Hormozdi
SBN: 0882461
Hormozdi Law Firm, LLC
1770 Indian Trail Lilburn Road, Suite 175
Norcross, GA 30093
Tel: 678-395-7795
Fax: 866-929-2434
shireen@agrusslawfirm.com
shireen@norcrosslawfirm.com
Attorney for Plaintiff